UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICROSOFT CORPORATION, a
Washington corporation

    Plaintiff,

v.                                          Case No: 2:18-cv-121-FtM-38MRM

LINKED-PC, INC., JULIO D. SAAVEDRA
and ANDRES D. SAAVEDRA,

    Defendants.
_____/

# **OPINION AND ORDER**[1]

Before the Court is Defendants Linked-PC, Inc., Julio D. Saavedra, and Andres D. Saavedra's Motion to Dismiss Plaintiff Microsoft Corporation's Complaint (Doc. 27), and Microsoft's response in opposition (Doc. 38). For the following reasons, the Court denies Defendants' motion.

## BACKGROUND

Microsoft sues Defendants for infringing and misusing its intellectual property. According to Microsoft, Defendants installed and activated thousands of unlicensed copies of its software. In August 2017, Defendants sold a Microsoft investigator a refurbished computer that contained an unlicensed copy of Microsoft software.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendants also provided a counterfeit Microsoft Certificate of Authenticity ("COA") label with the computer. Around the same time, the United States Customs and Border Protection seized a shipment of 200 counterfeit COA labels from China destined for Linked-PC. And to sell their unlicensed software, Defendants falsely represented to their customers they were selling genuine Microsoft software when they were not. Because of Defendants' conduct, Microsoft is suing Defendants for copyright and trademark infringement, and for violating the Anti-Counterfeiting Act, 18 U.S.C. § 2318, and Lanham Act, 15 U.S.C. § 1125(a). (Doc. 1).

Defendants move to dismiss Microsoft's Complaint under Federal Rule of Civil Procedure 12(b)(6). They argue the Complaint is an impermissible shotgun pleading, trafficking in counterfeit COA labels under the Anti-Counterfeiting Act is insufficiently pled, the corporate form shields the Saavedra Defendants from being held personally liable for the intellectual property claims, and Microsoft did not plead a contractual condition precedent. (Doc. 27). Microsoft opposes the motion.

## LEGAL STANDARD

Federal Rules of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Complaints that violate Rule 8(a)(2) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four types of shotgun pleadings, two of which are relevant here. *Id.* at 1321. One type is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322 (footnote omitted). The other type, which is "relatively rare," asserts

"multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323 (footnote omitted). Courts disfavor shotgun pleadings because "in one way or another, [they fail] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* (footnote omitted).

Although the crux of Defendant's motion is that the Complaint is an impermissible shotgun pleading, Defendants bring the motion under Rule 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*citing Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Defendants raise several arguments for dismissing the Complaint, none of which the Court finds to be persuasive. The Court addresses each argument below, and its reasons for rejecting them.

**A. Shotgun Pleading**

Defendants argue that the Complaint is a shotgun pleading because it includes "conclusory, vague and immaterial facts not obviously connected to any particular cause of action." (Doc. 27 at 4-8). But this argument ignores that Microsoft's claims are based on a straightforward nucleus of facts: Defendants unlawfully copied, installed, and sold pirated versions of Microsoft software containing the company's trademarks. To start, a complaint is not a shotgun pleading merely because each count re-alleges a common factual scenario recited earlier in the complaint. *See Weiland,* 792 F.3d at 1324 (holding a complaint not to be a shotgun pleading despite plaintiff's "re-alleging of paragraphs 1 through 49 at the beginning of each count").

Defendants focus on specific factual allegations in the Complaint to make their argument. First, Defendants object to the Complaint referencing a study by The Software Alliance and an FBI consumer alert. (Doc. 27 at 4-6). These documents discuss the harm that software piracy causes to consumers and developers. Because this case is about software piracy, they are not immaterial. Indeed, the materials supplement Microsoft's factual allegations about the prevalence and dangers of unlicensed software.[2]

---

[2] Microsoft did not attach the materials as exhibits or otherwise incorporate them into the Complaint.

4

In no way does Microsoft's reference to the materials hinder the Complaint from notifying Defendants of the claims against them or of the underlying facts.

Second, Defendants challenge the listed Microsoft trademarks and service marks as evidence of a shotgun pleading. (Doc. 1 at ¶ 16; Doc. 27 at 7-8). But the Court is hard pressed to find no correlation between the trademarks and Defendants when Microsoft is suing Defendants for infringing the trademarks. And, as Microsoft aptly argues, "[d]emonstrating Microsoft's ownership and use of the Microsoft Trademarks forms the foundation of this claim (not to mention critical evidence to Microsoft's other Lanham Act claims)." (Doc. 38 at 10). Microsoft has violated no pleading requirement by alleging the existence of trademarks in this trademark infringement case.

Third, Defendants object to Microsoft's allegations about the Registered Refurbisher Program ("RRP") as having no relevance to this case. (Doc. 27 at 8). This objection misses the mark. The RRP is the distribution channel and licensing program for Microsoft software, and Microsoft accuses Defendants of violating the Lanham Act by falsely advertising itself as a member of the RRP. Thus, the RRP allegations are material to the Lanham Act claims. The RRP allegations are also relevant to Defendants' state of mind at the time of the alleged wrongdoing because their former membership in the program speaks to knowledge about Microsoft's intellectual property. (Doc. 38 at 10).

In short, the Complaint is not a shotgun pleading. The factual allegations are stated clearly, and the Complaint adequately notifies Defendants of the claims against them and the facts upon which each claim rests. *See Weiland*, 792 F.3d at 1323. Accordingly, the Court denies Defendants' motion to dismiss on the shotgun pleading argument.

## B. Count III: Trafficking in Counterfeit COA Labels Under the Anti-Counterfeiting Act

Defendants' introduce their challenge to the Anti-Counterfeiting Act claim (Count III) as a shotgun pleading argument, but they are attacking the claim's sufficiency under Rule 12(b)(6). (Doc. 27 at 9-10). In Count III, Microsoft alleges that Defendants trafficked in counterfeit COA labels in violation of the Anti-Counterfeiting Act. (Doc. 1 at 18-19). The statute, "prohibits the trafficking of counterfeit and illicit 'labels,' including 'labelling components' used by copyright owners to identify copies or computer programs and to verify that copies are not counterfeit or infringing." *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-561-WHO, 2017 WL 3485881, at *9 (N.D. Cal. Aug. 15, 2017). To survive a motion to dismiss, a plaintiff must show "(1) ownership of the copyrights for the works at issue and that the defendant (2) knowingly (3) trafficked in illicit or counterfeit labels that were affixed to, enclosed, or accompanied, or were designed to be affixed to, enclosed, or accompany the works at issue." *Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 479 (9th Cir. 2017).

Here, the Complaint makes the following allegations that support the trafficking claim: Microsoft owns copyrights to many software programs; Defendants knowingly sold a computer loaded with infringing software to an investigator working for Microsoft; and a counterfeit COA label accompanied the computer. (Doc. 1 at ¶¶ 15, 39, 40, 63). To further show knowledge, Microsoft alleges the product key used to install the infringing software did not match the key on the label. (Doc. 1 at ¶ 38). Drawing all reasonable inferences in Microsoft's favor, it is plausible that Defendants did not use the product key on the label to activate the software because they knew the label to be counterfeit. Microsoft also alleges that United States Customs and Border Protection seized a

shipment of counterfeit labels that Linked-PC tried importing, which further shows that Defendants knew they were using counterfeit COA labels. (Doc. 1 at ¶¶ 44-45). The shipment is not the basis for Count III, but, it speaks to Defendants' knowledge of the counterfeit nature of the labels. Finally, Defendants' other arguments challenging the trafficking claim are equally meritless when read against the Complaint's clear allegations.[3]

Because Microsoft pleads allegations sufficient to state a plausible claim under 18 U.S.C. § 2318, the Court denies Defendants' motion to dismiss as to Count III.

## C. Claims against the Saavedra Defendants

Next, Defendants argue the claims against the Saavedra Defendants should be dismissed because Microsoft impermissibly attempts to pierce the corporate veil. (Doc. 27 at 12-14). Under Florida law, the corporate veil does not need to "be pierced or even discussed" when an officer or director of a corporation commits a tort, even in furtherance of the corporate business. *See Quail Cruises Ship Mgmt., Ltd. v. Agencia de Viagens CVC Tur Limitada*, No. 09-23248-CIV, 2011 WL 5057203, at *8 (S.D. Fla. Oct. 24, 2011); *see also Avant Garde Eng'g and Res. Ltd. v. Nationwide Equip. Co., Inc.*, No. 3:11-cv-525-J-20HES, 2012 WL 12902721, at *4-5 (M.D. Fla. July 19, 2012) (holding that a plaintiff need not pierce the corporate veil to hold a corporate officer liable if he directly engaged in wrongdoing). Defendants' argument misses the mark because Microsoft's

---

[3] The Court notes that Defendants rely on the RRP agreement they attached to their Motion. The Court need not consider it or the other attached exhibits. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). This Opinion and Order does not rely on the excluded exhibits.

claims against the Saavedra Defendants are based on their own alleged wrongdoing. The corporate veil is thus not an issue at this stage.

To the extent Defendants argue that the Complaint is a shotgun pleading because the claims are being brought against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, that argument is a nonstarter. ([Doc. 27 at 12](#)). Microsoft pleads: (a) Defendants are a corporation and its two key principles; (b) the counts are based on a common set of facts; and (c) each Defendant is alleged to be liable for the tortious conduct underlying each count. ([Doc. 1 at 1-3](#)). The joint pleading against all Defendants is appropriate here because Microsoft's counts are based on common factual allegations made against all Defendants. *See [Abbasi v. Bhalodwala](#)*, 149 F. Supp. 3d 1372, 1376 (M.D. Ga. 2015) (refusing to dismiss on the grounds of shotgun pleading when "all of the Plaintiff's counts are based on a common factual scenario, and each Defendant is purportedly liable under each count.").

The Court thus denies Defendant's motion as to the Saavedra Defendants.

## D. Condition Precedent

Defendants' final argument is that Microsoft did not perform a condition precedent required by an RRP Agreement they attached to their motion. ([Doc. 27 at 15](#)). According to Defendants, the agreement includes a forum selection clause providing that the "federal courts in Washington State or New York State are the exclusive venue [sic] for all disputes arising from this agreement." ([Doc. 27 at 15](#)). The RRP also says that if Microsoft "pursues injunctive relief in a forum other than" Washington or New York, that it must give notice to the Refurbisher. ([Doc. 27 at 15](#)). Defendants argue that Microsoft,

who is seeking injunctive relief, did not give them the requisite notice, and thus dismissal is warranted under Federal Rule Civil Procedure 9.

Rule 9(c) states that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Even accepting Defendants' characterization of the RRP agreement as true, their argument is a nonstarter because Microsoft alleges that Linked-PC was an RRP member from only March 2014 to October 2016. (Doc. 1 at ¶ 38). The Court infers that no RRP agreement was in effect between the parties when Microsoft filed this suit. Microsoft was thus not required to plead conditions precedent. The Court, therefore, denies Defendants' motion to dismiss Microsoft's request for injunctive relief as premature.

Accordingly, it is now

**ORDERED:**

(1) Defendants Linked-PC, Inc., Julio D. Saavedra, and Andres D. Saavedra's Motion to Dismiss Plaintiff's Complaint (Doc. 27) is **DENIED**.

(2) Defendants must file an answer to the Complaint on or before **August 31, 2018.**

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of August 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record